UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00510-MOC-DSC

| | |
|---|---|
| **JENNIPHER ANN HOUSER** ) | |
| **MARSHALL DEAN HOUSER,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **BEN BLACKBURN** ) | |
| **CITY OF CHERRYVILLE** ) | |
| **ANTHONY GREEN** ) | |
| **CHERRYVILLE CITY COUNSEL** ) | |
| **CAM JENKS,** ) | |
| ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). No objections have been filed within the time allowed.

**I.     Applicable Standard of Review**

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific

1

error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

## II. Discussion

After such careful review, the Court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Before recommending dismissal for failure to comply with Rule 4(m), Federal Rules of Civil Procedure, Judge Cayer advised plaintiffs of their obligations in responding to the Motion to Dismiss for Insufficient Service of Process and the consequences of failing to respond. For the reasons stated by the moving parties and Judge Cayer, it does appear that plaintiffs have failed to properly serve process on a person authorized to accept service of behalf of each defendant within the time provided under Rule 4(m); have failed to file certification showing proper service; and have offered no reasons in response that would excuse such failure. See Exhibits A (#7-1) & B (Q#7-2).  Finally, this Court notes that the Clerk of this Court sent notice to plaintiffs via regular mail of such deficiency in advance of defendants' motion and no corrective action was taken by plaintiffs. See Text Note (2/21/2018). Based on such determinations, the Court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#10) is **AFFIRMED,** defendants' Motion to Dismiss for Insufficient Service of Process (#8) is

2

**GRANTED,** and this action is **DISMISSED with prejudice** in accordance with Rule 41(b).

Signed: May 8, 2018

Max O. Cogburn Jr
United States District Judge